UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 96-4519

EDGHILL LEO FRANCIS,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                        No. 96-4520

KEITH ANDRE HOWARD,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-95-503-A)

Argued: December 5, 1997

Decided: March 30, 1998

Before NIEMEYER and BUTZNER, Circuit Judges, and
MICHAEL, Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Milton Gordon Widenhouse, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant Howard; Edward Henry Weis, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant Francis. William Neil Hammerstrom, Jr., Assistant United States Attorney, Alexandria, Virginia, for Appellee. **ON BRIEF:** Hunt Lee Charach, Federal Public Defender, Charleston, West Virginia, for Appellant Francis; William A. Webb, Federal Public Defender, Raleigh, North Carolina, for Appellant Howard. Helen F. Fahey, United States Attorney, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In this case we consider appeals from criminal convictions for drug crimes involving sales of cocaine base (a.k.a. "crack" cocaine) to an undercover police officer wearing a recording device. The defendants primarily allege "structural error" by the district court in its decision to allow jurors to listen to a properly authenticated tape recording of a controlled drug buy which was admitted into evidence but never played in open court in the presence of the defendants. For the reasons below, we affirm the court below.

I.

The United States offered the challenged tape recording into evidence to prove the charges alleged in COUNT IV of the Indictment-- that on June 8, 1995, the defendants Edghill Leo Francis ("Francis") and Keith Andre Howard ("Howard"), distributed a quantity of crack to an undercover police officer posing as a purchaser. A confidential

2

informant had brought the undercover officer to meet the informant's drug suppliers, Francis and Howard.

Although Howard and Francis timely objected to the introduction of the tape recording on the grounds that it was inaudible, inaccurate, and improperly authenticated,[1] they never raised separate objections to the jury receiving it without its having been played in open court. While the assigned "structural error," therefore, was not preserved properly for appeal, we will address, perhaps in an exercise of super-erogation, the merits of this tape recording issue now raised by the defendants.

First, the government provided both defendants copies of the later-authenticated[2] tape and tape transcript long before trial. The fact that the tape was not played in the courtroom in the defendants' presence, thus, resulted in no eleventh hour mystery to them as to the tape's contents. At trial, each defendant had ample opportunity to cross-examine the undercover officer who wore the wire recording device about the tape's contents and the accuracy of the transcript; neither defendant chose to do so. Moreover, the court below gave the jury a limiting instruction that it should disregard any unclear portion of the tape recording and any part of the transcript not reflective of the recorded conversation. Ultimately, however, once the district court admitted the tape recording and transcript into evidence and sent it to the jury at the close of trial, the jury was free to decide whether or

_____

[1] The abuse of discretion standard governs a district court's rulings about the authentication and admissibility of tape recordings and tape transcripts. See United States v. Capers, 61 F.3d 1100, 1106 (4th Cir. 1995) (citing United States v. Clark, 986 F.2d 65, 69 (4th Cir. 1993)), cert. denied, ___ U.S. ___, 116 S.Ct. 1830 (1996).

[2] As to the authentication process, the undercover officer testified at trial that he had worn a wireless transmitter on June 8, 1995, the date of one of the controlled drug buys, and that his conversations with Howard were monitored and recorded. The officer then identified the tape recording as a true and accurate recording of the conversation he had with Howard. The officer further testified that the tape recording was accurate and that he knew it was so because he had listened to it prior to trial. Finally, the officer testified that the tape recording's transcript accurately reflected the recorded conversations during the drug buys.

not the tape recording and transcript were what the government claimed. United States v. Branch, 970 F.2d 1368, 1370-71 (4th Cir. 1992) ("Although the district court is charged with making this pre-liminary [authentication] determination, because authentication is essentially a question of conditional relevancy, the jury ultimately resolves whether evidence admitted for its consideration is that which the proponent claims.") (citations omitted). This court declines to pry open the jury room door to second guess a jury's conclusions about items or exhibits properly admitted into evidence; jury deliberation is far too sacred a process to be subjected to such an searching inquiry. We hold, therefore, that the district court did not err when it received the properly authenticated tape recording and tape transcript into evidence even though the recording was not played in open court in the defendants' presence.

II.

The defendants' remaining grounds of appeal are of no moment. First, Francis asserts that the government failed to present sufficient evidence to sustain the jury's finding that he aided and abetted Howard in distributing crack on May 12 and June 8, 1995. We review sufficiency of the evidence challenges by viewing that evidence in the light most favorable to the government and asking whether any ratio-nal trier of fact could have found the essential elements of the crime alleged beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Applying that standard to the evidence in the record leads us ineluctably to the conclusion that sufficient evidence existed from which the jury could have found Francis guilty of aiding and abetting Howard.

Second, Francis and Howard contend that the district court erred in excluding certain of the defendants' proffered evidence in support of their defenses to the crimes charged. We review a district court's exclusion of evidence for abuse of discretion. United States v. Ellis, 121 F.3d 908, 926 (4th Cir. 1997) (citing United States v. Loayza, 107 F.3d 257, 263 (4th Cir. 1997)). At trial, part of the defendants' strat-egy was to attempt to characterize the confidential informant as the actual source of the crack cocaine and as the primary drug dealer in each controlled buy. Francis and Howard sought to establish both through their direct evidence and their cross-examinations of govern-

4

ment agents that: (1) the informant had a history as a drug dealer, (2) the informant had a motive to implicate the defendants, (3) the informant had opportunity to entrap Howard, an admitted crack addict taken advantage of by the informant, and (4) the informant was the source of the drugs. Although neither the United States nor the defendants called the informant himself to testify, the district court generally permitted Francis and Howard to attempt to establish an entrapment defense. Given that the government never called the informant to testify, however, the district court acted within its province when it ruled the defendants could not call witnesses directly to attempt to discredit the informant. Thus, we conclude that the district court did not abuse its discretion so as to prevent wholesale the defendants' presentation of their entrapment defense theory.

The defendants next assert that the district court erred by admitting Howard's out-of-court statements which, they say, tended to implicate Francis.**3** During Howard's testimony, the United States attempted to cross-examine him about statements he made to Detective Warren McGee at the Fairfax Detention Center. When the government asked whether, during his interrogation at the detention center, Howard had told the detective "a little bit about [Francis]," Joint Appendix ("JA") at 304, Francis' counsel objected to Howard answering on grounds of Bruton v. United States, 391 U.S. 123 (1968) (holding that, under certain circumstances, Amendment VI's Confrontation Clause is violated when a non-testifying codefendant's statement implicating the accused is admitted into evidence during their joint trial). A Bruton problem arises, however, only when a non-testifying codefendant's confession or statement inculpating the accused comes into evidence. Bruton, 391 U.S. at 128. Here, as the district court recognized, "He [Howard] is on the stand; no Bruton problem. Objection overruled." JA at 304. The district court properly overruled the Bruton objection because Howard, like Francis later did, testified at trial.**4** The district

_____

**3** We review the admission of such evidence for plain error. United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993).
**4** Even assuming, arguendo, that Bruton applied here, subsequent Confrontation Clause decisional law makes clear that when a codefendant, like Howard, "takes the stand in his own defense, denies making an alleged out-of-court statement implicating the defendant [i.e., Francis],

5

court, therefore, did not err in permitting Howard's cross-examination testimony to proceed over defense counsel's objection.

Finally, the defendants argue that the district court erred in refusing to grant them a downward departure based on their entrapment defense theory and their belief that the United States attempted to manipulate their sentence by inflating the amount of crack cocaine attributable to the two controlled drug buys. We find this last contention meritless because a district court's refusal to grant a downward departure on such grounds is not reviewable, unless that decision was based on the district court's mistaken belief that it was prohibited legally from making such a departure. United States v. Jones, 71 F.3d 1143, 1145 (4th Cir. 1995) (citing United States v. Bayerle, 890 F.2d 28, 30-31 (4th Cir. 1990)). Here, the district court determined that the downward departure was not warranted; no evidence in the record suggests the court labored under the misapprehension that it was barred legally from departing downward had the circumstances of the case supported such a ruling.**5**

III.

For the foregoing reasons, we hold that the district court did not err in allowing jurors to listen to the tape recording of a controlled drug buy when that recording never was played in open court in the presence of the defendants. Likewise, the district court did not err in its

_____

and proceeds to testify favorably to the defendant concerning the underlying facts, the defendant has been denied no [Confrontation Clause] rights protected by the Sixth ... Amendment[ ]." Nelson v. O'Neil, 402 U.S. 622, 629-30 (1971). In this case, Howard denied--no fewer than five times--that he made any alleged out-of-court statement implicating Francis as a dealer or supplier of drugs, thereby testifying favorably to Francis concerning the underlying facts. JA at 304-05.

**5** Francis and Howard contend that the district court never "considered" the entrapment defense issue at sentencing. App's Brief at 34-36. At sentencing, however, the district court stated that it would not "revisit" the entrapment issue. JA at 435. Such a statement presupposes, as a matter of logic and semantics, that the trier of fact had "visited" the issue previously at trial--the appropriate time to have done so.

other rulings identified by Francis and Howard. Accordingly, the convictions and sentences in this case hereby are

AFFIRMED.

7